Christopher C. Hoffman (SBN 176334)
E-Mail: choffman@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Nathan K. Low (SBN 299587)
E-Mail: nlow@fisherphillips.com
Kevin L. Quan (SBN 317798)
E-Mail: kquan@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: 415-490-9000
Fax: 415-490-9001

Attorneys for Defendants
KINDER MORGAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ESQUIBEL, <br><br> Plaintiff, <br><br> v. <br><br> KINDER MORGAN ENERGY PARTNERS L.P.; SCOTT MANLEY; KINDER MORGAN, INC.; and DOES 2 through 100, inclusive, <br><br> Defendants. | Case No: 3:21-cv-02510-WHO <br><br> [*From the Santa Clara Superior Court; Case No. 20CV361638*] <br><br> **DEFENDANT KINDER MORGAN, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** <br><br> DATE: May 31, 2023 <br> TIME: 2:00 p.m. <br> CTRM: 2 <br><br> Complaint Filed: January 18, 2020 <br> FAC Filed: October 8, 2020 <br> SAC Filed: July 7, 2021 <br> Trial Date: Not Set |

Case No. 3:21-cv-02510-WHO
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

FP 47140557.1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL ARGUMENT .......................................................................................................... 1

    A. Plaintiff's First Cause of Action for Violations of the False Claims Act Fails. ............1

    B. Plaintiff's Second Cause of Action for Wrongful Termination in Violation of Public Policy Fails Because He Has Not Sufficiently Pled a Factual Basis for this Claim......3

    C. Plaintiff's Third Cause of Action for Promissory Fraud is Time-Barred and is Not Pled with Specificity and Particularity..................................................................................4

III. CONCLUSION...................................................................................................................... 6

**TABLE OF AUTHORITIES**

Page(s)

### Cases

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 2

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ............................................................................................. 3

*Broam v. Bogan*,
  320 F.3d 1023 (9th Cir. 2003) ............................................................................................. 5

*Campbell v. Allstate Ins. Co.*,
  No. 97-9426CBM(AJWX), 1998 WL 657488 (C.D. Cal. Aug. 6, 1998) ............................ 5

*City of Moorpark v. Superior Ct.*,
  18 Cal. 4th 1143 (1998) ....................................................................................................... 3

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) ............................................................................................... 6

*Cuevas v. SkyWest Airlines*,
  17 F. Supp. 3d 956 (N.D. Cal. 2014) ................................................................................... 4

*Edwards v. Marin Park, Inc.*,
  356 F.3d 1058 (9th Cir. 2004) ............................................................................................. 6

*Jenkins v. County of Riverside*,
  398 F.3d 1093 (9th Cir. 2005) ............................................................................................. 5

*Kabir v. Flagstar Bank, FSB*,
  No. 16-SACV-360-JLS, 2016 WL 10999326 (C.D. Cal. May 11, 2016) ........................... 3

*Provencio v. Vazquez*
  (E.D. Cal. 2009) 258 F.R.D. 626 ........................................................................................ 4

*Sanders v. Arneson Prods., Inc.*,
  91 F.3d 1351 (9th Cir. 1996) ............................................................................................... 3

*Schneider v. Calif. Dept. of Corrections*,
  151 F.3d 1194 (9th Cir.1998) .............................................................................................. 4

*Semegen v. Weidner*,
  780 F.2d 727 (9th Cir. 1985) ........................................................................................... 3, 5

*Soares v. Lorono*,
  No. 12-CV-05979-WHO, 2014 WL 723645 (N.D. Cal. Feb. 25, 2014) ............................. 5

*Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*,
    802 F. Supp. 2d 1125 (C.D. Cal. 2011) .................................................................................5

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
    2 Cal.App.4th 153 (1991) ......................................................................................................6

*Tharpe v. Diablo Valley College*,
    No. C 11-02624......................................................................................................................4

*United States ex rel. Campie v. Gilead Sciences, Inc.*,
    862 F.3d 890 (9th Cir. 2017) .................................................................................................2

*United States ex rel. Grubbs v. Kanneganti*,
    565 F.3d 180 (5th Cir. 2009) .................................................................................................2

**Statutes**

31 U.S.C. § 3729(a)(1)(B) .............................................................................................................2

Americans with Disabilities Act ....................................................................................................4

California Labor Code section 1102.5 ..........................................................................................4

False Claims Act ........................................................................................................................2, 4

FCA .......................................................................................................................1, 2, 3, 4

**Other Authorities**

Federal Rules of Civil Procedure Rule 9(b)..................................................................................2

Rule 9 ............................................................................................................................................6

Rule 9(b) ....................................................................................................................................2, 3

Rule 12(b)(6)..............................................................................................................................4, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Plaintiff Mark Esquibel's Opposition is much like his Second Amended Complaint ("SAC")—repetitive, conclusory allegations that do not support his various causes of action. Even though the United States spent over a year investigating Plaintiff's allegations and has taken no action other than to decline to intervene in this case, Plaintiff nonetheless urges the Court not to dismiss his SAC because he supposedly "knows" that "[s]omething is *very* wrong here." Opp. at 3:14-15. Whatever he supposedly "knows" is no substitute for factual allegations that establish a cause of action. Plaintiff's Opposition confirms he can offer nothing other than innuendo and conjecture, which is wholly insufficient to oppose Kinder Morgan's motion to dismiss.

As for his legal claims, Plaintiff's Opposition fails to refute much of the case law submitted by Kinder Morgan in its moving papers. Plaintiff's Opposition demonstrates that he cannot defeat Kinder Morgan's motion to dismiss. His first and third causes of action do not state legally cognizable claims or meet the heightened pleading standard required for fraud claims. His second cause of action is completely derivative of his deficient first cause of action. Finally, in his Opposition, Plaintiff does not dispute and therefore waives any arguments that his third cause of action is time-barred by the applicable statute of limitations.

II.  **LEGAL ARGUMENT**

   A.   **Plaintiff's First Cause of Action for Violations of the False Claims Act Fails.**

Kinder Morgan established in its moving papers that Plaintiff cannot establish (1) that his alleged safety concerns are actionable under the False Claims Act ("FCA"), (2) that Kinder Morgan submitted a false claim to the government, or (3) that he was terminated in retaliation for engaging in protected conduct under the FCA. Mot. at 7-14.

Rather than point to alleged facts in the SAC supporting his FCA claim, Plaintiff instead nakedly asserts "he knows of at least one claim to the federal government which is fraud based" but fails to identify that claim. Opp. at 3:18. Instead of identifying this false claim he purportedly knows about, Plaintiff instead retreats from his SAC where his FCA theory was premised on Kinder Morgan's performance of "contracts with every military base in the United States" (SAC ¶ 66) to now asserting

that Kinder Morgan is somehow violating a "government contract[]. . . to operate a jet fuel pipeline system between the Oakland and San Francisco airports." Opp. at 12:16-18. Even though the SAC makes no reference to any supposed government contract to operate a pipeline between two commercial airports, Plaintiff now asserts he "believes" that "Kinder Morgan knowingly prepared at least one false report regarding the Oakland-San Francisco pipeline, a report which omits the Corrosion Problem." Opp. at 12:22-24.

Plaintiff's latest contention fails for several reasons. First, his allegations do not establish a cognizable legal theory under the FCA. Even if true, there is no nexus between the Corrosion Problem and financial loss to the government. Indeed, Plaintiff's new theory that the Corrosion Problem was related to a pipeline where the federal government was not a customer gets even further away from this fundamental requirement. Second, Plaintiff does not identify an actual false claim that was submitted to the government. *United States ex rel. Campie v. Gilead Sciences, Inc.*, 862 F.3d 890, 902 (9th Cir. 2017) ("The first requirement of a False Claims Act claim is a false claim."). Simply alleging that Kinder Morgan omitted the Corrosion Problem from a report falls short of the requirement to plead facts sufficient to establish that Kinder Morgan "knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B). Third, Plaintiff cannot rely on unsupported speculation to defeat Kinder Morgan's motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (to survive a motion to dismiss, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level" and may not rely on mere "labels and conclusions."). Plaintiff's speculation that there *may* have been a contract, and Kinder Morgan *may* have submitted reports and those reports *may* have omitted the Corrosion Problem are precisely the type of vague and unsupported assertions requiring dismissal. Fourth, Plaintiff's self-serving speculation and conjecture is wholly insufficient and fails to plead a fraud claim with the requisite level of particularity as required by Federal Rules of Civil Procedure Rule 9(b). Neither in Plaintiff's SAC nor in his Opposition does Plaintiff attempt to identify the "who, what, when, where, and how" requirements of Rule 9(b). *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009) (FCA claims require a strong inference that false claims were actually submitted "such as dates and descriptions of recorded, but unprovided, services and a description of the billing system that the records were likely

entered into.").

Rule 9(b) "also prevents the filing of a complaint as a pretext for the discovery of unknown wrongs and protects potential defendants . . . from the harm that comes from being charged with the commission of fraudulent acts." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, Plaintiff's contention that discovery in this case may reveal additional false reports that may have been submitted by Kinder Morgan to the government (Opp. 12:26-27) does not change the outcome here. Plaintiff must allege facts sufficient to state a claim at the outset rather than hope to find such facts later through discovery. *See Kabir v. Flagstar Bank, FSB*, No. 16-SACV-360-JLS (JCGx), 2016 WL 10999326, at *4 (C.D. Cal. May 11, 2016) (granting the defendant's motion to dismiss where the plaintiff argued that "future discovery will reveal evidence to prove its claims against [defendant]"); *see also Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (refusing to relax Rule 9(b)'s standards in FCA cases because "qui tam suits are meant to encourage insiders *privy to a fraud on the government* to blow the whistle on the crime. Because insiders privy to a fraud on the government should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b).") (internal quotations omitted) (emphasis in original). The fact that the United States, which is the real party in interest and would have received any such reports submitted by Kinder Morgan, investigated Plaintiff's claims for over a year and declined to intervene in this case further confirms that Plaintiff's FCA allegations are wholly unsupported, and the SAC's FCA claim must be dismissed with prejudice.

### B. Plaintiff's Second Cause of Action for Wrongful Termination in Violation of Public Policy Fails Because He Has Not Sufficiently Pled a Factual Basis for this Claim.

Kinder Morgan established in its moving papers that Plaintiff's wrongful termination claim is derivative of and based on the same allegations as his underlying claim for violation of the FCA. Mot. at 14:13-26. In his Opposition, Plaintiff does not dispute that because his wrongful termination claim is based on the same allegations as his underlying FCA claim, it fails for the same reasons. *See Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (citing *Jennings v. Marralle*, 8 Cal. 4th 121, 135-36 (1994)) (no public policy claim against employers who have not violated the law); *City of Moorpark v. Superior Ct.*, 18 Cal. 4th 1143, 1159 (1998) ("the common law cause of action cannot be broader than the constitutional provision or statute on which it depends").

Instead, Plaintiff suggests that Kinder Morgan's reliance on *Sanders* and *Jennings* is misplaced, because those cases involved different alleged underlying violations of the law. Opp. at 13:5-12. Plaintiff's reasoning lacks merit and is a red herring. The *Sanders* and *Jennings* cases hold that a plaintiff cannot maintain a public policy claim when there is no underlying violation of the law. Whether the case involves the Americans with Disabilities Act (as in *Sanders* and *Jennings*) or the False Claims Act (as here) makes no difference to the central holdings of these cases, namely that Plaintiff cannot maintain a wrongful termination claim without a showing that Kinder Morgan violated any law. The specific statutory violation at issue is not material to this central holding, which is wholly applicable to the instant action. Moreover, because Plaintiff's claim for wrongful termination is dependent on his allegations that support his FCA claim, his wrongful termination claim also fails. *See Cuevas v. SkyWest Airlines*, 17 F. Supp. 3d 956, 967 (N.D. Cal. 2014), *citing Stevenson v. Sup. Ct.*, 16 Cal.4th 880, 904 (1997) (a plaintiff must establish the substantive violation of the underlying statute in order to bring a companion public policy claim).

Faced with the lack of basis for his wrongful termination claim, Plaintiff tries to reframe it as a retaliation claim under California Labor Code section 1102.5. Opp. at 13:20-14:17. Plaintiff's attempt to depart from his SAC to assert an unpled theory or claim cannot defeat a motion to dismiss. *See Schneider v. Calif. Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) (new allegations in an opposition motion are not considered in a Rule 12(b)(6) dismissal, because the Court is not permitted to look beyond the complaint to a plaintiff's moving papers); *Provencio v. Vazquez* (E.D. Cal. 2009) 258 F.R.D. 626, 639 ("Raising what is essentially a new cause of action in an opposition brief to a motion to dismiss is improper and does not provide Defendant with fair notice of Plaintiffs' claim or the grounds upon which Plaintiffs' claim rests."); *Tharpe v. Diablo Valley College*, No. C 11-02624 SBA, 2011 WL 4080961, at *2 (N.D. Cal. Sept. 13, 2011) ("Plaintiff cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss.").

**C.     Plaintiff's Third Cause of Action for Promissory Fraud is Time-Barred and is Not Pled with Specificity and Particularity.**

Kinder Morgan established in its moving papers that Plaintiff's promissory fraud claim fails because it is barred by the statute of limitations. Mot. at 15-16. In his Opposition, Plaintiff does not

dispute, or even address, Kinder Morgan's cited case authority and facts. As such, Plaintiff has abandoned any arguments he may have that his promissory fraud claim is timely. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (finding that the plaintiff "abandoned" the claims she did not raise in opposition to the defendant's motion); *Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (holding "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue").

Instead, Plaintiff pleads a whole set of new allegations in support of his contention that he has properly pled a claim for promissory fraud. Opp. at 14-15. These allegations are never pled in his SAC and Plaintiff is only now raising these claims for the first time in his Opposition. As such, Plaintiff is precluded from opposing Kinder Morgan's motion to dismiss based on these new claims. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *see also Soares v. Lorono*, No. 12-CV-05979-WHO, 2014 WL 723645, at *4 (N.D. Cal. Feb. 25, 2014) (in granting defendant's motion to dismiss, the court reasoned that the plaintiff "cannot rely on new allegations in his opposition to remedy holes in his complaint").

Next, in asserting his new set of allegations, Plaintiff suggests that he has properly alleged a cause of action for promissory fraud. Opp. at 15:3-20. Plaintiff's contention misses the mark. First, as established in Kinder Morgan's moving papers, claims for fraud must be alleged with particularity. Mot. at 17-18. Even assuming that the Court considers Plaintiff's new allegations that were not included in his SAC (which it should not), Plaintiff again fails to meet the heightened pleading standard for his promissory fraud claim. Despite trying to include a new set of claims in his Opposition, Plaintiff still fails to state the time, place, and manner of each act of alleged fraud, as well as the role of each defendant in each scheme. *See Semegen*, 780 F.2d at 731 (a claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong"); *Campbell v. Allstate Ins. Co.*, No. 97-9426CBM(AJWX), 1998 WL 657488, at *1 (C.D. Cal. Aug. 6, 1998) ("Plaintiff

must attribute false or misleading statements to a particular defendant and must set forth specific descriptions of the fraudulent representation. Allegations which are vague and conclusory are insufficient to satisfy Rule 9."). Second, Plaintiff does not allege that Kinder Morgan made any fraudulent misrepresentations. Rather, Plaintiff attributes the allegedly false statements made to Scott Manley. However, nowhere in the SAC or Opposition does Plaintiff claim that Mr. Manley was a managing agent of Kinder Morgan that was authorized to speak on behalf of Kinder Morgan, nor does Plaintiff provide the other required specific detail. *See Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991) (allegations of fraud against a corporation require specific information including the names of the persons who made the allegedly fraudulent representations, their authority to speak on behalf of the corporation, to whom they communicated, what they said or wrote, and when such was said or written). As such, Plaintiff's claim for promissory fraud must be dismissed with prejudice. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (allegations in the complaint must identify "the who, what, when, where, and how" of the fraud); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (requiring "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations").

## III. CONCLUSION

For the reasons set forth above and in its moving papers, Kinder Morgan respectfully requests the Court grant its Motion to Dismiss to Plaintiff's Second Amended Complaint, without leave to amend.

Dated: May 16, 2023

Respectfully submitted,
FISHER & PHILLIPS LLP

By: */s/ Kevin L. Quan*
Christopher C. Hoffman
Nathan K. Low
Kevin L. Quan
Attorneys for Defendant
KINDER MORGAN, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Montgomery Street, Suite 3400, San Francisco, California 94104.

On May 16, 2023, I served the foregoing document entitled **DEFENDANT KINDER MORGAN, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Daniel J. Russo S.B.N 77991 | Donald Charles Schwartz, Esq. |
| Maas & Russo LLP | Law Offices of Donald C. Schwartz |
| 521 Georgia St. | 7 7960-B Soquel Drive, No. 291 |
| Vallejo, CA 94590-6006 | Aptos, CA 95003 |

☒   **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 16, 2023 at San Francisco, California.

| Jessica Ortiz | By: | */s/ Jessica Ortiz* |
|---|---|---|
| Print Name | | Signature |