UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ESQUIBEL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KINDER MORGAN, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-02510-WHO<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 64 |

On June 15, 2023, I dismissed with leave to amend plaintiff Mark Esquibel's promissory fraud claim, which is based on allegedly false representations by defendant Kinder Morgan, his former employer, that Esquibel was covered by its uninsured/underinsured insurance when driving a vehicle during the course and scope of his employment. Dkt. No. 60 (June 2023 Order). I directed Esquibel to allege additional facts "to show the claim is not time-barred and additional facts regarding the initial representations and his discovering the truth." *Id*. at 20.[1]  Esquibel filed his Third Amended Complaint (TAC) on July 5, 2023. Kinder Morgan again moves to dismiss the promissory fraud claim.[2]

In 2008, when Esquibel received a promotion, he specifically asked about insurance coverage. TAC ¶ 76. Two employees of defendant confirmed coverage. *Id.* He alleges that those employees knew that providing such insurance coverage was material to employees and that there was no coverage. Esquibel relied on their promise in accepting a job and moved his family to the Bay Area. *Id*. ¶¶ 77-79. He also states that "Kinder Morgan management informed Esquibel that

---

[1] I denied the motion to dismiss Esquibel's termination in violation of public policy cause of action and dismissed, also with leave to amend, his False Claims Act (FCA) causes of action. *Id*. Esquibel dropped the FCA causes of action in his TAC.

[2] This matter is appropriate for resolution on the papers. *See* Civ. L.R. 7-1(b). The August 30, 2023 hearing is VACATED.

he was insured when he did the annual pilot training and when he drove a company vehicle. Esquibel had numerous times requested the written policy but was never provided with any information." *Id*. ¶ 58.  He asserts that his "reliance" on the promises of insurance coverage was "justifiable because it is not unusual for an employer to offer insurance coverage" given the "dangerous employment" and it was reasonable to expect that "defendant Kinder Morgan would not allow thousands of employees to drive within the State of California without State-mandated uninsurance/underinsurance coverage." *Id*. ¶ 80.  Finally, he contends that he "did not learn, nor could he have reasonably learned, that he had no such corporate insurance coverage within three years of the filing of this civil action or otherwise in accordance with California law." *Id*.  These allegations generally satisfy Rule 9(b) for the who, what, where, and when required to plausibly state this claim, as well as the scienter and reliance elements of promissory fraud.

What Esquibel did not add in his TAC – despite being instructed to do so in the June 2023 Order – were facts supporting why he did not or could not have reasonably discovered that defendants had not provided the promised insurance back in 2013, when Esquibel had the accident in a company truck and had to pay out of pocket for his expenses, leading to the damages he seeks to recover from the promissory fraud claim.  *See* June 2023 Order at 19-20; *see also* ¶ TAC 82 ("Esquibel was damaged in reliance on the false promise made by Rounds, Murphy and Kinder Morgan insofar as he was physically injured with a concussion, and the vehicle was damaged. Esquibel was told that there was no insurance coverage for the accident caused by a third party while in a company vehicle because the purported uninsurance/underinsurance coverage did not actually exist.").  Given that failure, Kinder Morgan again moves to dismiss the promissory fraud claim as barred by the statute of limitations.  Dkt. No. 64.

In Esquibel's opposition and accompanying request for judicial notice, he finally identifies why he did not or was unable to discover sooner that he was not insured by Kinder Morgan. Esquibel was pursuing litigation against the other driver in the accident from 2013 through 2019, began a claim for underinsurance in 2020, and only learned that Kinder Morgan had not provided him with underinsurance coverage in June 2021.  Oppo. at 4 [Dkt. No. 71] & Request for Judicial Notice/Declaration of Donald Charles Schwartz [Dkt. No. 71-1], Exs. 2, 3, 6.

1   In Reply, Kinder Morgan argues that information is not properly incorporated into the

2   TAC and is too little too late, given my prior admonishment that plaintiff had one more chance to

3   amend.  It also argues that even if I take judicial notice of the insurance proceedings, that still does

4   not explain why Esquibel was not reasonably able to discover the lack of coverage earlier.

5   The motion to dismiss is DENIED.  The information regarding the insurance coverage

6   proceedings provides plausible explanations for why Esquibel did not and perhaps could not have

7   discovered Kinder Morgan's failure to provide insurance coverage until 2021.  True, Esquibel did

8   not discuss these insurance proceedings in his TAC.  However, I may take judicial notice that the

9   proceedings occurred, just not of disputed facts contested in those proceedings.[3]  Drawing the

10  inferences in the TAC in Esquibel's favor with judicial notice of the existence and timing of the

11  difference insurance-related proceedings, it is plausible that he did not or could not have

12  reasonably discovered the lack of insurance.  Kinder Morgan may, of course, test this issue on an

13  evidentiary record.  While I cautioned Esquibel in my June 2023 Order that he had "one last

14  chance" to amend to address this issue in the TAC, I will not throw out what appears to be a

15  plausible claim based on Esquibel's lawyer's actions.

16  Accordingly, the motion to dismiss is DENIED.

17  Pursuant to ADR L.R. 6-2, and pursuant to the parties' agreement Dkt. No. 72, the parties

18  are referred to the Court's ADR unit for appointment to a panel mediator.  Any request to appear

19  at the mediation by videoconference shall be made to the ADR unit/appointed mediator.

20  **IT IS SO ORDERED.**

21  Dated: August 24, 2023

William H. Orrick
United States District Judge

---

[3] *See, e.g., Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'").