UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ESQUIBEL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KINDER MORGAN, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-02510-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING LEAVE TO FURTHER AMEND**<br><br>Re: Dkt. No. 77 |

Defendant Scott Manley moves to dismiss the two claims plaintiff Mark Esquibel asserts against him in the Third Amended Complaint (TAC) for wrongful termination in violation of public policy ("*Tameney* claim") and for promissory fraud.[1] Because Manley was Esquibel's manager at Kinder Morgan and not his employer, Manley cannot be liable for the *Tameney* claim as a matter of law.[2] For the same reason, Manley contends that he cannot be liable for promissory fraud resulting from alleged assurances in or around 2008 that Kinder Morgan would provide Esquibel with insurance coverage during his employment.[3] More problematic is that these alleged assurances occurred in 2008 (*see* TAC ¶¶ 76-79) but Manley did not become plaintiff's supervisor until 2017. *Id*. ¶¶ 36, 61. There is no way that Manley can be liable for promissory fraud regarding insurance coverage. Manley's motion is GRANTED.

---

[1] The factual background regarding plaintiff's former employment with defendant Kinder Morgan has been extensively addressed in prior orders and need not be repeated here. *See* Dkt. Nos. 29, 60, 74. I find this matter appropriate for resolution on the papers and the October 18, 2023 hearing is VACATED. *See* Civ. L. R. 7-1(b).

[2] *See Khajavi v. Feather River Anesthesia Med. Grp*., 84 Cal. App. 4th 32, 53 (2000) ("As a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy.").

[3] *See Sheppard v. Freeman*, 67 Cal. App. 4th 339, 347 (1998) ("employee or former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions").

1  Instead of arguing that those claims should survive, Esquibel asks for leave to amend to
2  assert totally new *claims* against Manley, including eavesdropping in violation of California Penal
3  Code section 632 and invasion of privacy, harassment under California's Fair Employment and
4  Housing Act (FEHA), and claims for intentional and negligence infliction of emotional distress
5  based on the alleged eavesdropping and harassment. Dkt. Nos. 78, 79. Esquibel's failure to
6  follow proper procedure – *e.g*., a noticed motion for leave to amend under Federal Rule of Civil
7  Procedure 15(a)(2) and Civil Local Rule 7-1 – is the least of his problems, and as discussed below,
8  his request to amend is DENIED.

9  Esquibel does not address the standard for granting leave to amend or explain why –
10 despite the multiple opportunities to amend he has been given – he failed to allege these claims in
11 any of his prior four complaints. *See* Dkt. Nos. 29, 60. The claims that he seeks to add now –
12 based on eavesdropping in violation of California Penal Code section 632 and systemic
13 harassment and intimidation based on use of racial slurs – rely on factual allegations that were
14 made in this case at its inception. *See* Dkt. No. ¶ 1 (allegations of eavesdropping), ¶ 28
15 (allegations that plaintiff was subject to racial slurs). They are also claims that, if proven, would
16 subject not only Manley but also Kinder Morgan to liability.[4]

17 In my June 2023 Order, Esquibel was "given one last chance to amend." Dkt. No. 60. In
18 that Order, I explained to Esquibel what facts were missing but were necessary in order to state
19 viable claims. *Id*. He then filed the TAC, and I denied Kinder Morgan's third motion to dismiss
20 allowing the *Tameney* claim and the promissory fraud claim to proceed. Dkt. No. 74.[5]

---

[4] The allegations regarding eavesdropping were made in plaintiff's First Amended Complaint (that was removed to this Court) under his claim for violation of Business & Professions Code section 17200. Dkt. 1, ¶¶ 25-34. The section 17200 claim was dismissed without prejudice in my June 2021 Order; it was not realleged in plaintiffs Second Amended Complaint. *See* Dkt. No. 29 at 11; Dkt. No. 34 (Second Amended Complaint). The factual allegations regarding eavesdropping/electronic surveillance were not repeated in the SAC or the TAC.

[5] In the June 2023 Order, I directed Esquibel to allege facts regarding why his promissory fraud claim was not barred by the statute of limitations. *See* Dkt. No. 60. Despite that clear direction, plaintiff *failed* to include those facts in his TAC. Kinder Morgan reasonably moved to dismiss again, and only in his opposition and request for judicial notice did plaintiff identify facts that would support his statute of limitations argument. *See* Dkt. No. 74. I accepted those facts as judicially noticeable and **did not make plaintiff file a Fourth Amended Complaint** in order to move this case along and because I was unwilling to "throw out what appears to be a plausible

2

Given the multiple opportunities Esquibel has had to amend, the "one last chance" warning given, and the significant prejudice caused not only Manley but Kinder Morgan (who repeatedly and successfully moved to dismiss, resulting in my narrowing of the claims left at issue) by Esquibel's dilatory tactics and attempts to plead yet more claims based on facts known since the inception of this litigation, further leave to amend is DENIED. There is simply no excuse for Esquibel sitting on these claims until now. There has been undue delay and dilatory conduct, causing significant prejudice to defendants.[6]

Even if good cause could be shown, amendment would be futile. The potential FEHA claim – based on harassment and intimidation through use of slurs and eavesdropping – is subject to an exhaustion requirement.[7] There is no indication that Esquibel has exhausted his potential claim under FEHA to be able to sue Kinder Morgan or Manley. And to the extent he seeks leave to allege a stand-alone claim under California Penal Code section 632, that claim is subject to a one-year statute of limitation. *See Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 98 (Cal. Ct. App. 1987). He provides no facts regarding when he discovered the alleged eavesdropping to demonstrate that this claim could be timely.

I have provided multiple opportunities for Esquibel to plead all of his potential claims regarding his employment at Kinder Morgan. His piecemeal approach to his pleadings and seeming inability or unwillingness to fully plead his claims despite my Orders (and defendants) pointing out the multiple deficiencies in his claims is unacceptable. Construing his opposition to

---

claim based on Esquibel's lawyer's actions." *Id*. at 3.

[6] *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (recognizing that leave to amend should be freely given unless there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."); *see also id*. ("Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.").

[7] "In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law." *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (internal quotation marks and citations omitted). To properly exhaust an issue, a plaintiff must "fil[e] a written charge with [the California Department of Fair Employment and Housing ("DFEH")] within one year of the alleged unlawful employment discrimination, and obtaining notice from DFEH of the right to sue." *Id*. (citations omitted).

1  the motion to dismiss as a properly noticed motion for leave to file a Fourth Amended Complaint
2  with wholly new claims against Manley (and logically against Kinder Morgan), I DENY it.
3  Defendant Manley's motion to dismiss is GRANTED.  Manley is DISMISSED from this case
4  with prejudice.

5  **IT IS SO ORDERED.**

6  Dated: October 17, 2023

William H. Orrick
United States District Judge